FILED
CLERK

June 23, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KEVIN COLLINS,

               Plaintiff,

                                        **ORDER**

      -against-                                 20-CV-5451 (JMW)

THE LONG ISLAND RAILROAD COMPANY,

               Defendant.
----------------------------------------------------------------X

**A P P E A R A N C E S:**

Philip John Vogt, Esq.
**Law Office of Philip P. Vogt PLLC**
5 Penn Plaza, 23rd Floor
New York, NY 10001
*Attorney for Plaintiff*

William J. Blumenschein, Esq.
**Krez & Flores, LLP**
225 Broadway, Suite 705
New York, NY 10007
*Attorney for Defendant*

**WICKS,** Magistrate Judge:

       Plaintiff Kevin Collins ("Collins") brings the instant action against Defendant, the Long Island Railroad Company ("LIRR"), for a workplace injury that occurred on February 10, 2023 at the LIRR's Amityville Yard in Amityville, New York. (DE 1 at ¶ 5.) Collins was employed as a Bridge and Building or "B&B" Mechanic[1] for the LIRR. (*Id*.) While he was cutting

---

[1] B&B Mechanics perform a variety of conventional maintenance, carpentry and construction work and related duties, on buildings and bridges for the LIRR. *See* MTA Job Description "B&B Mechanic (Carpenter)", found at https://careers.mta.org/jobs/12392274-b-and-b-mechanic-carpenter.

1

corrugated metal signposts, Collins injured his left thigh due to an allegedly defective angle grinder. (*Id.* at ¶¶ 7-8.) The complaint alleges that the tool in question was missing a safety guard for the abrasive cut-off wheel that would have prevented his injury, and that other tools better suited for the task at hand were not made available to him despite his requests. (*Id.*) The complaint alleges that the LIRR violated the Federal Employers Liability Act ("FELA"), 45 U.S.C §§ 51-60, numerous provisions of the LIRR Corporate Safety Rules, Occupational Safety and Health Administration regulations, and American National Standards Institute Safety Requirements. (*See* DE 1.)

Discovery is complete, and the case is scheduled for trial before the undersigned with jury selection to take place August 1, 2023.

Before the Court is Plaintiff's motion *in limine* to exclude part of an exhibit (Defendant's pre-marked Exhibit "C") to be offered at trial. Plaintiff seeks to exclude a statement contained within the "Injury Report Concurrence Form" packet ("Injury Report") that was completed by Plaintiff's supervisor Shaun Carrillo on the date of the accident, February 10, 2020. (DE 28-1 at 1.)[2]

Page eleven of "Attachment B" of the report is entitled "Employee Accident/Incident Findings and Corrective Actions." (DE 28-1 at 11.) Under the first subsection, it states: "Provide Details of the Recommended Corrective/ Remedial/ Actions[.]" (*Id.*) There, the following typewritten statement was authored by Carrillo: *"Employees were advise [sic] to switch to a circular saw with a metal cutting blade for safer operation"* ("Statement"). (*Id.*)

---

[2] Pinpoint citations throughout this Order are to the Injury Report's original pagination, rather than the Portable Document Format's ("PDF") pagination.

2

Plaintiff objects to the Statement on three evidentiary grounds -- Federal Rules of Evidence ("Rule") 407, 803, and 403 -- and requests that page eleven be removed from Exhibit C. (DE 28.) Naturally, Defendant opposes the motion. (DE 29.)

For the reasons that follows, Plaintiff's motion *in limine* (DE 28) is denied in all respects.

## DISCUSSION

### A. Motion *in Limine* Standard

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) (citing *Luce v. United States,* 469 U.S. 38, 40 n.2 (1984)). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce*, 469 U.S. at 41 n. 4; *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (recognizing the procedure). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Gorbea v. Verizon New York, Inc.*, No. 11-CV-3758 (KAM) (LB), 2014 WL 2916964, at *1 (E.D.N.Y. June 25, 2014) (quoting *United States v. Paredes,* 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001)).[3]

It is against this backdrop that the Court considers the present motion to exclude.

---

[3] Even though an *in limine* ruling is made pre-trial, the ruling may nevertheless be reviewed at trial, and "the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Great Earth Intern. Franchising Corp. v. Milks Dev.*, 311 F. Supp.2d 419, 424 (S.D.N.Y. 2004) (quoting *Luce*, 469 U.S. at 41-42).

### B. Plaintiff's Specific Objections

Underlying most of Plaintiff's objections is Plaintiff's view that Carillo's Statement "could mislead a jury into concluding that there was a circular saw with a metal cutting blade available to the plaintiff at the time of the accident." (DE 28 at 1-2.) Plaintiff, however, recognizes that the Statement itself "does not indicate that there was in fact a circular saw with a metal cutting blade available to the plaintiff at the time of [the] accident." (*Id*.) Each of Plaintiff's three objections are addressed in turn below.

#### i. *Rule 407 Objection*

Rule 407 provides: "When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction." Fed. R. Evid. 407. But Rule 407 expressly allows the court to admit evidence of a subsequent remedial measure "for another purpose, such as impeachment or — if disputed — proving ownership, control, or the feasibility of precautionary measures." *Id*. Rule 407 "applies to evidence supporting FELA claims." *Jackson v. Long Island Rail Rd. Co.*, No. 02-CV-4140 (DRH) (ARL), 2004 U.S. Dist. LEXIS 25142, at *2 n.1 (E.D.N.Y. Dec. 15, 2004) (excluding "any evidence that LIRR repaired or replaced the window" after the injury occurred).

Plaintiff avers that the Statement is a post-accident remedial measure, "which could be used by the defendant LIRR to attribute negligence or culpability to the plaintiff in this case under 45 U.S.C. 53, Contributory negligence; diminution of damages." (DE 28 at 2.) Plaintiff argues such use would contravene Rule 407's bar on using such statements to show the negligence or culpable conduct of the plaintiff. (DE 28 at 2.) Specifically, Plaintiff points out that the subsection in which the Statement is written provides: "Provide Details of the

4

Recommended Corrective/ Remedial/ Actions[.]"  (DE 28 at 11.)  Defendant argues that the Statement is "not a post-accident remedial measure . . . since the task plaintiff was involved with at the time of his accident was concluded and over and done with."  (DE 29.)   Defendant states that the point of Carrillo's Statement was not that Plaintiff should have used a circular saw for the job that was performed that day, rather, "in the future, employees should use a circular saw to perform that task."  (DE 29.)

The Court agrees that the Statement, even viewed through Defendant's lens, can be considered evidence of a subsequent remedial measure since it speaks to corrective action that should be taken following the incident.  But whether the use of the Statement is inadmissible under Rule 407 depends on the purpose for which it is being introduced.  For example, Defendant could use this Statement to attempt to prove the feasibility of using a circular saw, if that was disputed.

 Further, the Court notes that any use of the Statement by Defendant is unlikely to contravene the public policy behind Rule 407.  After all, the primary rationale for Rule 407 is to not deter alleged tort-feasors from taking safety measures due to the fear of liability.  *See* Fed. R. Evid. 407 advisory committee's note; *see also* 2 McCormick On Evidence § 267, at 200 (Hohn William Strong ed., 4th ed. 1992) (noting that "[t]he predominant reason for excluding such evidence, however, is not lack of probative significance, but rather a policy against discouraging safety measures.").  Here, there is no danger that Defendant's use of the Statement's at trial would discourage Defendant, or those similarly situated, from advising employees to use potentially safer tools in the future.

 In any event, as Defendant explained, it is Defendant's view that the statement referred not to Plaintiff's accident but instead to future tasks.  That is, employees should switch to a

5

circular saw with a metal cutting blade for safer operation in the future. Thus, given Defendant's representation it appears that the Statement is not being introduced as a subsequent remedial measure for any of the impermissible purposes that Plaintiff contends.

Accordingly, this objection is overruled.

### ii. *Rule 803 Objection*

Plaintiff appears to assert that the Statement qualifies as hearsay, which is defined as an out of court statement offered for the truth of the matter asserted, and that it does not fall within any hearsay exception. *See* Fed. R. Evidence 801 (definition), 802 (hearsay is inadmissible unless an exception applies). Rule 803(6) provides that a record of an "act, event, condition, opinion, or diagnosis" kept in the course of a regularly conducted activity is admissible when making such a record is regular practice, the record was made either at the time of the event or near that time, and was made by or from information transmitted by someone with knowledge. Rule 803(6)(E).

However, such a record is admissible only if "the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Rule 803(6)(E). Plaintiff argues that the lack of trustworthiness in the method and circumstances of preparation of the Statement are evinced by Carrillo's deposition testimony, which reflects that he did not see a circular saw at the work site, did not inspect the available tools, and did not observe anyone using a circular saw. (DE 28 at 2-3.) The parties do not appear to dispute that the Injury Report would otherwise come within the business records exception to hearsay.

This argument is premised on Plaintiff's proffered interpretation of the Statement. That is, Carrillo's Statement that "[e]mployees were advise [*sic*] to switch to a circular saw with a metal cutting blade for safer operation" (DE 28-1 at 11) is interpreted as him asserting that a

6

circular saw was available at the time of the accident. The plain meaning of the Statement, however, does not lead to that interpretation. The Statement as written simply reflects that the employees were told a circular saw with metal cutting blade should be used, and thus, the fact that he testified that he did not see that specific tool or inspect the available tools is of no moment. There is nothing about "the source of information or the method or circumstances of preparation" of the Statement that indicates a lack of trustworthiness.

Additionally, at the pretrial conference (DE 27), Plaintiff noted that the Statement was based on the knowledge of someone other than Carrillo. That argument is not re-raised directly in Plaintiff's motion. However, Plaintiff cites to a portion of Carrillo's deposition transcript that reflects that the foreman advised the employees to switch to a circular saw with a metal cutting blade for safer operation. (DE 28-2 at 44.) Does the concept of double hearsay apply here? Even where the Injury Report falls within an exception to hearsay, here Rule 803(6)'s business record exception, any otherwise hearsay statement within the Injury Report must find shelter under an independent exception to the rule against hearsay. *See* Fed. R. Evid. 805; *see also United States v. Cruz*, 894 F.2d 41, 44 (2d Cir. 1990) ("Each hearsay statement within multiple hearsay statements must have a hearsay exception in order to be admissible.").

Double hearsay does not bar the Statement for two reasons. First, for the Statement to qualify as hearsay, it would need to be used for the truth of the matter asserted as framed and interpreted by Plaintiff, which given Defendant's response, it is not. Second, even if Carrillo's Statement were based on information by a third party, as long as that third party was acting as an agent of the LIRR and under a duty to report the relevant information, which the foreman presumably was, such statements would not be hearsay either. *See Philip v. Deutsche Bank Nat. Tr. Co.*, No. 11-CV-8960 (PGG), 2014 WL 4953572, at *1 n.4 (S.D.N.Y. Sept. 30, 2014) ("[T]he

fact that these records may have been produced based on information reported to Altisource by third-party vendors does not mean that the information contained therein is double hearsay, particularly since those vendors were acting as Altisource's agents and had a duty to report the information conveyed.").

Accordingly, this objection is overruled.

### iii.     *Rule 403 Objection*

Pursuant to Rule 403 "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Rule 403.  "A District Court has 'broad discretion' to admit or exclude evidence under Rule 403."  *U.S. v. Yousef*, 327 F.3d 56, 121 (2d Cir. 2003).

 Plaintiff argues that the Statement constitutes unfair prejudice and would mislead the jury since it "strongly implies that there was a circular saw with a metal cutting blade available to be used[.]"  (DE 28 at 3.)  In view of the plain reading of the Statement, there is minimal risk of misleading the jury.  Notably, the unavailability of a circular saw with a metal cutting blade is not a stipulated fact listed in the parties' joint pretrial order.  (*See* DE 16.)  Plaintiff is, of course, free to establish at trial whether a circular saw with a metal cutting blade was or was not available and clear up any misunderstanding he believes may occur.

Moreover, given Defendant's representation that the Statement was meant to convey that "in the future, employees should use a circular saw to perform that task" rather than imply the availability of such a tool at the time of the accident, the parties seem to be briefing past each other.  There are other methods of avoiding prejudice or misunderstanding available to the parties.  (DE 29 at 1.)  The parties could stipulate that the Statement is not to be introduced for a

8

specific purpose. The parties could also supply the Court with an appropriate cautionary instruction for the jury that limits any potential prejudice or misunderstanding. *See United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980) ("In assessing the risk of prejudice against the defendant, the trial court should carefully consider the likely effectiveness of a cautionary instruction that tries to limit the jury's consideration of the evidence to the purpose for which it is admissible.").

Accordingly, this objection is overruled.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion *in limine* to exclude page eleven of Defendant's Exhibit C at trial is denied.

Dated: Central Islip, New York
       June 23, 2023

S O  O R D E R E D:

/S/ *James M. Wicks*
    JAMES M. WICKS
  United States Magistrate Judge

9