**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
KEVIN COLLINS,

                *Plaintiff*,

    -against-

THE LONG ISLAND RAILROAD COMPANY,

                *Defendant*.

----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
20-cv-5451 (JMW)

**A P P E A R A N C E S:**

Philip John Vogt
**Law Office of Philip P. Vogt PLLC**
5 Penn Plaza, 23rd Floor
New York, NY 10001
*Attorney for Plaintiff*

William J. Blumenschein
**Krez & Flores, LLP**
Law Department
225 Broadway, Suite 705
New York, NY 10007
*Attorney for Defendant*

**WICKS,** Magistrate Judge:

      Plaintiff Kevin Collins ("Plaintiff"), a former employee of Defendant the Long Island Railroad Company ("Defendant"), commenced this case on November 10, 2020, alleging violations of the Federal Employers' Liability Act, Title 45, United States Code Annotated, Sections 51-60 ("FELA"). (ECF No. 1.) Specifically, Plaintiff, a former B&B Mechanic for Defendant, alleged that he was injured while working at Defendant's Amityville Yard on

February 10, 2020, as he was cutting corrugated metal signposts, because of Defendant's negligence in its operation and supervision of its employees. (*Id*. at ¶¶ 5-7, 12.)

The undersigned presided over a four-day jury trial addressing Plaintiff's claim from October 2, 2023 to October 5, 2023. (ECF Nos. 48, 51-53.) Plaintiff was represented by counsel all throughout the trial. The issues of fact for trial were whether: (i) Defendant was negligent regarding the accident that occurred on February 10, 2020 (hereafter, the "Accident"), and, if so, whether Defendant's negligence caused Plaintiff's injuries; (ii) whether Plaintiff was comparatively negligent in causing his own injuries regarding the Accident. (*See* ECF No. 57.) The parties each presented witnesses and documentary evidence at trial. (*See* DE ECF Nos. 48, 51-53.)

The jury eventually returned a verdict, finding: (i) Plaintiff established, by a preponderance of the evidence, that Defendant was negligent regarding the Accident, and Defendant's negligence played a role in causing Plaintiff's injuries; and (ii) Defendant had established, by a preponderance of the evidence, that Plaintiff was comparatively negligent in causing his own injury regarding the Accident. (ECF No. 57 at 1.) The jury found Plaintiff was 65% negligent, and Defendant was 35% negligent, respectively, and awarded Plaintiff lost earnings from the date of the accident to the date of the verdict, as well as lost pension. (*Id*. at 2.) The jury did not award Plaintiff for past or future pain and suffering. (*Id*.) A final judgment was entered accordingly. (ECF No. 59.)

Following the jury's verdict, Plaintiff moved: (i) for a directed verdict; (ii) for a new trial; and (iii) to amend the judgment,[1] and this Court directed the parties to meet and confer and file a

---

[1] Plaintiff preserved his right to renew the Rule 50 motion for judgment as a matter of law post-trial by moving for a directed verdict on the issues of Defendant's negligence at the close of his case on October 5, 2023, which was denied, and again on the issue of Plaintiff's contributory negligence at the close of Defendant's case that same day, which was also denied. (*See* ECF No. 53.)

briefing schedule for Plaintiff's post-trial motions on or before October 10, 2023. (ECF No. 53.) On October 9, 2023, the Court adopted the parties proposed briefing schedule for Plaintiff's anticipated post-trial motions, which were bundle filed on the docket in accordance with the undersigned's individual rules on December 7, 2023. (*See* Electronic Order dated 10/09/2023; ECF No. 60.) Accordingly, the latest motion before the Court is Plaintiff's motion for judgment as a matter of law, for a new trial, and to amend the judgment (ECF No. 60 at 1), all of which are opposed by Defendant (ECF No. 61.)

For the reasons stated herein, Plaintiff's motion (ECF No. 60) is hereby **DENIED**.

## I.     DISCUSSION

A. **Motion for Judgment as a Matter of Law**

A court may grant judgment against a party as a matter of law if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party." *See* Fed.R.Civ.P. 50(a)(1). The Court must "consider the evidence in the light most favorable" to the non-movant, and "give that party the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence." *Zellner v. Summerlin*, 494 F.3d 344, 370–71 (2d Cir. 2007) (citations omitted). "A Rule 50 motion may only be granted if there exists such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded [persons] could not arrive at a verdict against [it]." *Tepperwien v. Entergy Nuclear Operations, Inc*., 663 F.3d 556, 567 (2d Cir.2011) (internal quotation marks omitted) (alterations in original).

In FELA cases, the Court should grant a motion for judgment as a matter of law when "reasonable jurors could reach only one conclusion." *Williams v. Long Island R.R.*, 196 F.3d

3

402, 407 (2d Cir. 1999). The Second Circuit has instructed that it construes FELA "in light of its broad remedial nature, as creating a relaxed standard for negligence as well as causation." *Id*. at 406. On that basis, "an employer may be held liable under FELA 'for risks that would be too remote to support liability at common law,' and the right of the jury to pass on factual issues 'must be liberally construed.'" *Id*. at 407 (internal citations omitted) (first quoting *Syverson v. Consolidated Rail Corp.*, 19 F.3d 824, 826 (2d Cir. 1994), then quoting *Gallose v. Long Island R.R.*, 878 F.2d 80, 85 (2d Cir. 1989)).

To be sure, "FELA is not a strict liability statute, and the fact that an employee is injured is not proof of negligence." *Id*. at 406 (internal citations omitted). However, because FELA has relaxed the standards for finding negligence and causation, "only in instances where reasonable jurors could reach only one conclusion may the court take the determination from the jury and decide the question as a matter of law." *Id*. at 407. Thus, the relaxed standards for a jury create a higher standard for the Court when deciding on a motion for judgment as a matter of law—the lower bar for the jury to find the employer liable raises the bar for the Court to take that determination from the jury. *See Ojeda v. Metro. Transportation Auth.,* 41 F.4th 56, 71 (2d Cir. 2022) (citations omitted) ("A different jury might have reached a different verdict in this case . . . [b]ut in FELA cases[,] the role of the jury is significantly greater than in common law negligence actions, and its right to pass upon the question of the employer's liability must be most liberally viewed.").

Here, Plaintiff moves for judgment as a matter of law "on the issue of liability." (ECF No. 60 at 1.) Specifically, Plaintiff asks this Court to find that Defendant was negligent with respect to the Accident, and Defendant's negligence was the sole cause for Plaintiff's injuries" – that is, Plaintiff was "not negligent." (ECF No. 60-5 at 5-6.) Accordingly, this Court must

4

examine "whether the evidence at trial provided any basis on which a juror reasonably could have found" that: (i) Defendant was negligent under FELA and Defendant's negligence caused – at least in part – Plaintiff's injuries; and (ii) Plaintiff was contributorily negligent regarding the Accident. *Ganthier v. N. Shore-Long Island Jewish Health Sys., Inc*., 345 F. Supp. 2d 271, 275 (E.D.N.Y. 2004)

Plaintiff argues that per his testimony, on the day he was injured, "there were only four tools in Amityville Yard capable of cutting" the metal posts – and that Plaintiff was ultimately left to use the Grinder after the other tools failed. (*Id*. at 7.) Plaintiff states that he testified to the fact that he notified his supervisor, Steven Otto, before using the Grinder: (i) the Grinder did not have side handles or guards, and (ii) Plaintiff did not believe the Grinder was the proper tool to use to complete his task. (*Id*.) Plaintiff argues despite his protest, Mr. Otto directed him to use the Grinder to cut the posts, and while using it, the tool "flew out of the post and the cutting blade went into this left leg." (*Id*. at 7-8.)

Plaintiff relies on the testimony from several of Defendant's employees in support of its arguments on liability. (*Id*. at 8-9.) Specifically, Plaintiff states Wayne Griesmann, Gregory Wood, Mr. Otto, and Shaun Carrillo all testified to the fact that there were no other tools available on the day of the accident besides the Grinder to use to cut the posts, and, that it was the incorrect tool for the task at hand. (*Id*.)[2] Plaintiff asserts that "the sole argument presented to the jury by Defendant regarding fault on the Plaintiff's part was that [Plaintiff] was negligent and had violated a LIRR Safety Rule by using the Grinder without a side handle or guard" – which,

---

[2] Plaintiff argues "there was no testimony provided by any witness to support a finding that [Plaintiff] had used an improper technique while handling the Grinder with no side handle or was careless in the manner in which he held or used the Grinder" provided to him by Defendant. (*Id*. at 10.)

5

Plaintiff claims, is an "assumption of the risk" argument,[3] a defense not available in FELA cases. (*Id*. at 10.) Plaintiff further argues that Defendant had a "non-delegable duty" to provide Plaintiff "with safe tools with which to work" and failed to do so, which "played at least a small part in causing his injury[,]" and a finding that Plaintiff was negligent "was not supported by the evidence." (*Id*. at 14.)

In its Opposition, Defendant argues that Plaintiff has failed to demonstrate that the verdict "was the result of surmise or conjecture or so overwhelming in favor of Plaintiff." (ECF No. 61-1 at 3.) Defendant argues Plaintiff was "an experienced mechanic" who had "cut metal many times with a grinder[,]" and "[a]s experienced mechanic, he was supposed to inspect the tools and ensure they were in good order and condition." (*Id*.)

Defendant further asserts: (i) "the evidence revealed that there were 12 cutting tools in Carrillo's inventory and 8 cutting tools in Woods' inventory[;]" (ii) Plaintiff was not ordered to use the Grinder; (iii) the experienced mechanics were to use their professional experience when selecting a tool to use; (iv) evidence "revealed that the job was completed at Amityville by using a circular saw which Plaintiff had claimed was not usable and that there were no blades for that tool." (*Id*.)[4] With respect to Plaintiff's assumption of the risk argument, Defendant states this argument was already "denied by this Court at pages 367 and 368 of the trial transcript." (*Id*. at

---

[3] Plaintiff claims that "absent proof that there existed another tool" for Plaintiff to use, "the fact that Plaintiff used a defective tool provided to him by Defendant and did not refuse to attempt to perform the work task with it" is an "assumption of the risk argument." (*Id*.)

[4] Defendant further claims that "[t]he fact that the [A]ccident occurred at 8:30 a.m., about 30 minutes after the job briefing ended, belies Plaintiff's testimony that he searched for and then utilized a reciprocating saw, a circular saw and three other grinders, as well as many blades for all the tools, within that 30 minute time period . . . [o]n the basis of that timing, the jury could have believed Plaintiff did not search high and low, as he claimed, but simply used the first tool he found." (*Id*. at 4.)

5.)[5] Defendant argues that the evidence at trial showed another tool was available, "since the job was completed at Amityville by using a circular saw." (ECF No. 61-1 at 5.)[6]

In his Reply, Plaintiff argues that there was no evidence presented at the trial supporting a determination that a Racine circular saw with metal cutting blades was present for Plaintiff's use the morning of the Accident. (ECF No. 60-7 at 4.) Plaintiff argues that the "direct evidence on this issue" was presented by Plaintiff and Mr. Griesmann, who both testified that there were no cutting blades for the Racine saw in the yard the morning of the Accident. (*Id*.) Plaintiff asserts that "[i]t is mere speculation and surmise to conclude that, because Mr. Carrillo was told that the posts were at some later date cut in Amityville Yard with a circular saw, that a proper working saw with proper blade was available for use on the morning of the [A]ccident." (ECF No. 60-7 at 5.) Plaintiff further argues that the fact that Plaintiff attempted to "perform the work with the Grinder[,] which was the only tool available[,] cannot support a finding of contributory negligence." (*Id*. at 5.)

The crux of Plaintiff's argument in his motion for judgment as a matter of law is that Defendant improperly asserted – and the jury improperly determined – that Plaintiff was contributorily negligent, when, in fact, they intended to find he "assumed the risk" of his employment. *Preliminarily,* the Court notes that it reviewed the jury charge with counsel for Plaintiff and counsel for Defendant, and determined with the parties that the assumption of the risk defense would not be included – and as a result was not included – in the jury charge, as it

---

[5] On pages 367 and 367 of the Trial Transcript, the Court determined it would not include the assumption of the risk defense in the jury charge, as it was not available in FELA cases where, as in this case, it was not asserted by Defendant. (ECF No. 60-3 at 95.)

[6] In defense counsel's cross examination of Mr. Carrillo, Mr. Carrillo testified that after the Accident occurred, he was told that the job of cutting the signposts was "completed under the guidance of using the circular saw with the proper blade." (ECF No. 60-3 at 89.)

7

was not asserted by the Defendant and is not otherwise available in FELA cases. (ECF No. 55.) Specifically, the jury charge that was included on contributory negligence reads:

> If you find that defendant was negligent and that defendant's negligence contributed to causing an injury to plaintiff, you must next consider whether the plaintiff was also negligent and whether his negligence contributed to his injury. The burden is on defendant to prove by a preponderance of the evidence that plaintiff was negligent and that his negligence was a factor, even if slight, in producing his injury. If you find that plaintiff was not negligent or that any negligence by plaintiff did not cause his injury, then your deliberations will end there. If, however, you find that plaintiff was negligent and that his negligence was a cause of his injury, then you must apportion the fault between plaintiff and defendant.

(ECF No. 55 at 20.) Plaintiff does not challenge the jury instruction with respect to contributory negligence itself, but rather suggests the jury somehow conflated the concepts of contributory negligence and assumption of the risk in finding the Plaintiff 35% at fault. Plaintiff fails to cite to anywhere in the Trial Transcript indicating so, and the Court did not otherwise receive any questions from the jury regarding clarification of the contributory negligence defense instruction. The jury did not send any notes concerning this charge.

In support of his argument, Plaintiff relies on *Rivera v. Farrell Lines, Inc.*, 474 F.2d 255 (2d Cir. 1973), a case brought under the Jones Act, 46 U.S.C. § 688 (the "Jones Act"). In *Rivera*, the appellant was employed as a mess man on the S.S. *African Sun*, an American flag merchant ship owned and operated by appellee. *Id*. at 256. Appellant's duties included serving meals to the vessel's crew in the crew pantry. *Id*. In the crew pantry, there was a "back-up" of water "result[ing] from water draining from the officers' pantry directly overhead[,]" which had been reported to the ship's officers, but had gone uncorrected. *Id*. Appellant subsequently slipped and fell on the wet pantry floor, resulting in an injury to his back. *Id*.

Appellant sued under the Jones Act to recover for his injury, and appellee's defense was that appellant was injured because of his own contributory negligence, "principally consisting of

8

his continued work in the pantry despite his being well aware of the dangerous condition of the floor." *Id*. Appellants counsel maintained that "this defense, although named contributory negligence, sounded suspiciously like the defense of assumption of risk, long eliminated from maritime injury law by statute." *Id*. at 256-257. The jury found appellant was contributorily negligent, and appellant moved for a new trial on the ground that "there was no evidence of contributory negligence, and the issue was thus improperly submitted to the jury[,]" which was denied. *Id*. at 257. On appeal, the Second Circuit clarified:

> The distinction between assumption of risk and contributory negligence is well established. In common law days the knowledgeable acceptance by an employee of a dangerous condition when and if such acceptance was necessary for the performance of his duties was assumption of risk. Contributory negligence, on the other hand, connotes some careless act or omission on the part of the employee over and above that knowledgeable acceptance.

*Id*. The Court found the "only theory of contributory negligence the record reveals that was both argued by appellee's counsel in summation and charged to the jury" was the argument that "appellant was careless in moving in and about the pantry, knowing the sloppy condition of the floors." *Id*.

The Court determined that the theory presented to the jury "was really assumption of risk masquerading under another name," because:

> It allowed a finding of contributory negligence on the strength of appellant's knowledge that a dangerous condition in his line of duty existed and his working in that line of duty. *Evidence of an act of negligence other than appellant's knowledge of the dangerous condition in the pantry was not, though it should have been, required by the court's charge in this case.*

*Id*. at 257–58 (emphasis added). The Court ultimately remanded for a new trial on all issues. *Id*. at 259.

Plaintiff's reliance on *Rivera* is inapposite. *First*, this Court's jury instruction on contributory negligence did not limit a finding of contributory negligence to Plaintiff's

9

knowledge of a dangerous condition and continued work in that line of duty. *Second*, Defendant's arguments at trial on the issue of contributory negligence were not limited to knowledgeable acceptance of a dangerous condition by Plaintiff. Rather, Defendant argued – and the jury found – Plaintiff was contributorily negligent based on evidence that: (i) Plaintiff was an expert in his field and had a responsibility to use his expertise in selecting work tools; (ii) Plaintiff had a responsibility to notify his supervisor of defective or unsafe tools in compliance with Defendant's safety rules and failed to do so; and (iii) Plaintiff had the opportunity to use other available tools that were safe to complete his work and failed to do so. (ECF No. 61-1 at 3.)

Unlike the appellee's summation and jury charge in *Rivera*, the Defendant's arguments at trial and the jury instructions here were proper in explaining the scope of contributory negligence, and the jury's determination that Plaintiff was 35% at fault was properly supported by evidence on the record. Accordingly, viewing the evidence in the light most favorable to the Defendants, the Court finds a reasonable juror could have concluded that Plaintiff was contributorily negligent, and denies Defendant's motion for judgment as a matter of law.

### B. Motion for a New Trial

Pursuant to Rule 59(a)(1)(A) "the court may, on motion, grant a new trial on all or some of the issues—and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed R. Civ P. 59 (a)(1)(A). "The decision whether to grant a new trial under Rule 59 'is committed to the sound discretion of the trial judge.'" *Crews v. Cty. of Nassau*, 149 F. Supp. 3d 287, 292 (E.D.N.Y. 2015) (quoting *Stoma v. Miller Marine Servs., Inc.*, 271 F. Supp. 2d 429, 431 (E.D.N.Y. 2003)). Grounds for granting a new trial include: (i) "verdicts that are against the weight of the evidence," (ii) "substantial errors in the admission or rejection of evidence," (iii) and "non-harmless errors in

10

jury instructions, and verdict sheets." *Sass v. MTA Bus Co.*, 6 F. Supp. 3d 229, 233 (E.D.N.Y.), *adhered to on reconsideration*, 6 F. Supp. 3d 238 (E.D.N.Y. 2014) (internal citations omitted).

"A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Id*. (quoting *Snyder v. N.Y.S. Educ. Dep't*, 486 Fed. Appx. 176, 177 (2d Cir. 2012)); *see also Manley v. AmBase Corp.*, 337 F.3d 237, 245 (2d Cir. 2003) (same). The Court may grant a new trial "even if there is substantial evidence supporting the jury's verdict," however, as the Second Circuit has made clear, the Court "should only grant such a motion when the jury's verdict is '*egregiou*s.'" *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998) (emphasis added).

Plaintiff moves for a new trial specifically on the "issue of past and future pain and suffering." (ECF No. 60-2 at 1.) Plaintiff argues that "a verdict awarding past wage loss and pension lost based upon disabling physical injury" arising from the Accident "are irreconcilably inconsistent with a finding of no award for past and future pain and suffering for those same disabling injuries[,]" and therefore, "a new trial on the issue of pain and suffering is required." (ECF No. 60-5 at 16.)

Defendant's Opposition argues Plaintiff's motion for a new trial should be denied on the grounds that the Second Circuit "is clear that a party waives such an objection if they fail to raise it before a jury is discharged[,]" and Plaintiff failed to object to the verdict prior to the excusing and discharging of the jury. (ECF No. 61-1 at 6-7.) Notably, in his Reply, Plaintiff does not address Defendant's contention that he failed to raise – and therefore waived – his objection regarding the jury award. (*See* ECF No. 60-7 at 1-6.)

11

Plaintiff was required to raise any objections on the grounds of inconsistency in the verdict prior to the jury's discharge, and, because counsel for Plaintiff failed to do so (*see* ECF No. 53), Plaintiff waived his right to move for a new trial on those grounds. *See Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74, 83 (2d Cir. 2006) ("It is well established that a party waives its objection to any inconsistency in a jury verdict if it fails to object to the verdict prior to the excusing of the jury."); *see also Litras v. Long Island R.R.*, 226 F. App'x 31, 33 (2d Cir. 2007)("To the extent [plaintiff] contends that the jury verdict was inconsistent because it awarded him damages for future medical expenses but not future pain and suffering, [plaintiff] waived this argument by failing to raise it before the jury was dismissed."). Furthermore, the Court does not find the verdict inconsistent.

Accordingly, Plaintiff's motion for a new trial is denied.

C. **Motion to Amend the Judgment**

Rule 59(e) provides that a party may "move to alter or amend a judgment entered pursuant to a finding by a jury." Fed.R.Civ.P. 59(e). The decision of whether to grant a motion to amend a judgment "rests in the sound discretion of the district court." *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983); *Sugrue v. Derwinski*, 1993 WL 742742, *1 (E.D.N.Y.1993) (citing *Wallace v. Brown*, 485 F.Supp. 77, 78 (S.D.N.Y.1979)), *aff'd*, 26 F.3d 8 (2d Cir.1994) (Relief is available under Rule 59 only if the movant can demonstrate "manifest errors of law or fact or newly discovered evidence that was not previously available.").

Here, as previously stated, the Court does not find any errors of law or fact (*see* IA. *supra*), and Plaintiff has not otherwise presented newly discovered evidence that was not previously available at trial. As such, Plaintiff's motion to amend the judgment is denied.

12

## II.　**CONCLUSION**

For the foregoing reasons, Plaintiff's motions (ECF No. 60) are **DENIED.**

Dated:　Central Islip, New York　　　　　　**SO ORDERED:**
　　　　January 4, 2024

　　　　　　　　　　　　　　　　　　　/S/ *James M. Wicks*
　　　　　　　　　　　　　　　　　　　　JAMES M. WICKS
　　　　　　　　　　　　　　　　　　United States Magistrate Judge